### John C. Palmer *vs.* Ezekiel White.

Since *St.* 1851, *c.* 233, § 97, and *St.* 1852, *c.* 312, § 60, the assignee and owner of
a chose in action is a competent witness for the nominal plaintiff in an action
thereon.

In an action to recover for advertising the defendant's business card in the plain-
tiff's newspaper, the defendant asked a publisher " what was a fair price for ad-
vertising such a card," to which the presiding judge added, " in the manner pub-
lished by the plaintiff." *Held,* that no exception existed to such question by the
judge.

Assumpsit to recover for advertising the defendant's busi-
ness card in the plaintiff's newspaper.   At the trial in the
court of common pleas, before *Mellen,* J. the plaintiff offered
as a witness Walter N. Mason, the indorser of the writ, and
the assignee and owner of the claim in suit.   The defendant
objected to the competency of said Mason, on the ground of
interest, but the presiding judge admitted him to testify.

The defendant, during the trial, in order to reduce the amount
of the plaintiff's claim, asked a publisher of a paper, " what
is a fair price for advertising such a card for one year ? " to
which the presiding judge added, " in manner as published in
the paper shown to the witness by the defendant, when asking
the foregoing question."   The advertisement was in the same
type as the rest of the paper, and the defendant fully interro-
gated the witnesses as to the price of publishing such an
advertisement in large type and in small type, and as to the
price for the space occupied.

The verdict being for the plaintiff, the defendant excepted
to the foregoing rulings and question of the judge.

*A. R. Brown,* for the defendant.

The question by the defendant to the publisher of the paper, was itself a legal and competent question, and as such was entitled to an answer without qualification. The addition by the judge restricted the answer of a competent judge of the value of advertising, to the arbitrary choice of the plaintiff as to the manner of the insertion.

*B. Dean*, for the plaintiff.

BIGELOW, J. We have no doubt that under *St.* 1851, *c.* 233, § 97, (reënacted in *St.* 1852, *c.* 312, § 60,) the assignee of the chose in action in the present suit was a competent witness. The language of that section is as follows : " No person offered as a witness shall be excluded from giving evidence, either in person or by deposition, in any proceeding, civil or criminal, in any court, or before any person having authority to receive evidence, by reason of incapacity from crime or interest; but every person so offered shall be admitted to give evidence, notwithstanding he may have an interest in the matter in question, or may have been previously convicted of any offence ; but this act shall not render competent any party to a suit or proceeding who is not now by law rendered competent, nor the husband or wife of any such party. But nothing herein contained shall be deemed applicable to the attesting witnesses to any will or codicil. And the conviction of any crime may be shown to affect the credibility of any person testifying."

It was clearly the intention of the legislature to abolish entirely, by the above section, the disqualification of witnesses, not parties to the record, arising from interest in the subject matter in question. Under this statute, the extent of interest, whether slight and contingent, or absolute and covering the whole amount in controversy, is wholly immaterial as affecting the competency of a witness, and goes solely to his credibility. The only limitation upon the admissibility of witnesses, contemplated by the statute, is the exclusion of parties to the record, that is, persons who are either plaintiffs or defendants. This furnishes a clear, distinct, and practical rule, founded upon considerations of justice and sound policy, while an attempt to distinguish between different degrees of

Palmer *v.* White.

interest would only lead to collateral issues and confusion in the trial of causes.

Such, we think, was the view of the learned commissioners who drafted the Practice Act. It is stated by them in their report to the legislature, that the above provision in relation to the competency of witnesses, is borrowed from the act of 6 & 7 Vict. *c.* 85, § 1, commonly called lord Denman's act. Hall's Mass. Pract. 194. On recurring to that act, it will be found that there is an express exception in it by which no person is rendered competent " in whose immediate and individual behalf any action may be brought or defended, either in whole or in part." This exception would render incompetent as a witness an assignee of a chose in action, prosecuting a suit for his own benefit, as in the present suit. *Hill* v. *Kitching*, 3 Man. Gr. & Scott, 299. But its omission in our statute is significant, as showing that it was intended to be more comprehensive than the English statute, and was not designed to except cases of this kind. The decisions of the English courts upon the construction of lord Denman's act show that no amount of interest, however great, in the event of a suit, will exclude a witness, unless he is within the express exception enumerated in the statute. Thus it has been held, that a husband is a competent witness for the plaintiff, in a suit brought by the administrator of his wife upon a note given to her *dum sola*, although the proceeds of the note, when collected, would be payable to him by her administrator ; the suit not being brought " in his immediate and individual behalf." *Hart* v. *Stephens*, 6 Adolp. & Ellis, N. S. 937. See also *Sinclair* v. *Sinclair*, 13 Mees. & Welsb. 640 ; *Sage* v. *Robinson*, 3 Welsb. Hurl. & Gor. 142.

The remaining exception cannot prevail. The question put by the judge was clearly competent, and would cover all which could aid the jury in arriving at a true result. It does not appear from the bill of exceptions that the defendant was excluded from putting any proper and relevant questions to the witnesses. *Exceptions overruled.*